IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| BARBARA SCHIFFMAN,<br><br>    Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, NATIONAL ASSOCIATION, a nationally chartered bank,<br><br>    Defendant. | Case No. 6:18-cv-00474-AA<br>**OPINION & ORDER** |

AIKEN, District Judge:

This is a case about an allegedly missing certificate of deposit ("CD"). Barbara Schiffman ("Plaintiff") has sued Wells Fargo ("Defendant") alleging breach of contract and conversion for a CD that Defendant claims to have no record of. Defendant has moved for summary judgment on all issues. For the reasons below, the Court GRANTS Defendant's motion (doc. 11).

\ \ \

\ \ \

\ \ \

## BACKGROUND

On or about February 2, 1987, Plaintiff bought a CD for $21,000 at the First Interstate Bank, now a subsidiary of Defendant. Although by its terms the CD accrued 5.5% interest every six-months, it renewed automatically, and interest payments were added to the principal. Plaintiff tried to redeem her CD in 2017 but Defendant declined and claims to have no record of it. Plaintiff filed suit alleging breach of contract and, in the alternative, conversion. Defendant now moves for summary judgment.

## STANDARD OF REVIEW

A party is entitled to summary judgment if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of establishing the lack of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party can meet this burden, the burden shifts to the non-moving party to show that a genuine dispute of material fact exists. *Rivera v. Philip Morris, Inc.*, 395 F.3d 1142, 1146 (9th Cir. 2005). To meet its burden, "the non-moving party must do more than show there is some metaphysical doubt as to the material facts at issue." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010).

The court must view the evidence in the light most favorable to the non-movant and draw all reasonable inferences in the non-movant's favor. *Clicks Billiards Inc. v. Sixshooters Inc.*, 251 F.3d 1252, 1257 (9th Cir. 2001). However, "a mere disagreement or the bald assertion that a genuine issue of material fact exists is not

Page 2 – OPINION AND ORDER

sufficient to preclude the grant of summary judgment." *Cook v. Brown*, 364 F. Supp. 3d 1184, 1187 (D. Or. 2019) (quoting *Harper v. Wallingford*, 877 F.2d 728, 731 (9th Cir. 1989)). Although credibility determinations, weighting the evidence, and drawing inferences are usually left to the jury, the "mere existence of a scintilla of evidence in support of the plaintiff's position [is] insufficient." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 255, (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, (1986) (cleaned up).

## DISCUSSION

Defendant argues that Plaintiff cannot meet her burden on summary judgment because she hasn't provided evidence to support her claim that Defendant lost or stole her CD. Plaintiff argues that she has met her burden because she avers that she never withdrew her funds and supports her contention with an affidavit. She argues that the only inference that can be drawn is that Defendant lost or stole her CD. For the following reasons, I agree with Defendant.

Plaintiff's error on summary judgement is that she assumes her only burden is to provide evidence that she never redeemed her CD. But Plaintiff's actual legal claims are for breach of contract and conversion. Both of these claims require some level of action or inaction on the part of Defendant, and Plaintiff has failed to come forward with evidence that Defendant is in possession of her CD or that Defendant lost track of her funds. As Defendant points out, Plaintiff's CD may have been

redeemed by her husband without her knowledge or Plaintiff may have redeemed her CD and forgotten about it. And while Plaintiff's affidavit indicates that she believes these scenarios to be unlikely, that affidavit is not enough to draw the necessary inferences to support her burden for her breach of contract or conversion claim.

Put another way there is no evidence beyond Plaintiff's affidavit (which simply states that she never redeemed her CD) that Defendant lost or stole her funds. On summary judgment, "a mere disagreement or the bald assertion that a genuine issue of material fact exists is not sufficient to preclude the grant of summary judgment." *Cook v. Brown*, 364 F. Supp. 3d 1184, 1187 (D. Or. 2019) (quoting *Harper v. Wallingford*, 877 F.2d 728, 731 (9th Cir. 1989); *see also Galen v. County of Los Angeles* (a mere scintilla of evidence is insufficient to withstand summary judgment). Thus, the question becomes what evidence does Plaintiff have to support her specific contention that Defendant lost or stole her funds, *i.e.*, evidence in support of her specific legal claims of breach of contract and conversion. Plaintiff has failed to provide any such evidence and an affidavit that states Plaintiff does not believe she ever redeemed her CD is insufficient.

Additionally, much of the evidence that Plaintiff points to does not support her position. For example, Plaintiff points to a receipt that she obtained at the time of the purchase of her CD as evidence that she never redeemed it. But surrender of the receipt was not required to redeem the CD, and the evidence at best only supports the contention that a CD was purchased from Defendant, without any effect on the issue of loss or theft on the part of Defendant. Other evidence that one might expect

Plaintiff to have also does not exist, *e.g.*, tax documents indicating payment of interest on the CD throughout the last few decades. In fact, Plaintiff admits that she never received any 1099-INT forms from Defendant—which Defendant would have been required to send had Plaintiff not redeemed the CD, and which Defendant has been sending other clients for years.

Still, the remaining evidence points to the possibility that Plaintiff's CD was likely redeemed at some point in the past. Plaintiff's husband was listed as one of the account holders on the receipt of the CD and he listed interest income from a CD with Defendant on his tax returns in 1992. The listed interest amount was about how much Plaintiff would have received from her investment, which supports the contention that her husband was aware of the CD's existence, was managing the investment, and may have redeemed it without Plaintiff's knowledge.

The parties have also indicated that discovery has completed. The only record a fact-finder will have to go on is the record before the Court and the only material evidence supporting Plaintiff's contention is her own affidavit indicating that she has not redeemed her funds. But this is simply insufficient for a rational trier of fact to find for Plaintiff on either her breach of contract or conversion claim. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, (1986) (cleaned up). Thus, I find that Defendant is entitled to summary judgment.

## CONCLUSION

Defendant's motion for summary judgment (doc. 11) is GRANTED and this case is DISMISSED.

IT IS SO ORDERED.

Dated this 23rd day of September, 2019.

                                          Ann Aiken
                               United States District Judge